**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-642C
(Filed: July 15, 2014)
UNREPORTED

FILED
JUL 15 2014
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| BRIGET ALLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES, )<br>)<br>Defendant. )<br>) | Motion for disqualification or recusal; 28 U.S.C. § 455; absence of evidence of bias |

**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**

Pending before the court is plaintiff Bridget Allen's ("Ms. Allen" or "plaintiff") motion for disqualification, in which she requests the case be transferred to a different judge.[1] Plaintiff, proceeding pro se, filed suit on September 4, 2013, alleging that defendant, the United States, ("the government") violated the Fifth Amendment of the United States Constitution by taking plaintiff's property in connection with the foreclosure of her home. See Pl.'s Compl.

---

[1] Plaintiff's motion for disqualification seeks the recusal of the undersigned judge and three other judges of this court, each of whom was recently assigned a case involving plaintiff. The three other cases discussed in plaintiff's motion for disqualification include: Allen v. United States, No. 14-177C (filed on Mar. 3, 2014) (Campbell-Smith, J.); Allen v. United States, No. 14-178C (filed on Mar. 4, 2014) (Damich, J.); and Allen v. United States, No. 14-179C (filed on Mar. 4, 2014) (Lettow, J.). See Pl.'s Mot. for Disqualification ("Pl.'s Mot.") at 1. Ms. Allen also seeks the recusal of all the judges on the United States Court of Federal Claims because "the collegial members [of the] Court of Federal Claims are too close to this issue . . . ." Pl.'s Mot. 19.

In her motion for disqualification, plaintiff suggests that this court is complicit in furthering a conspiracy of the "United States government through its agencies and the courts, [to] commit covert and systematic 'takings' of black persons['] property and rights, without their knowledge and in violation of the laws of the United States." Pl.'s Mot. at 5. Plaintiff also takes issue with the court's practice of limiting access to docket entries to registered users of the court's electronic filing system to licensed attorneys.[2] For its part, the government contends that plaintiff has failed to identify any reasonable basis for the court's recusal. See Def.'s Consolidated Resp. to Pl.'s Mot. for Disqualification ("Def.'s Resp.") at 1-2. For the reasons set forth below, plaintiff's motion for disqualification or recusal is **DENIED**.

I. DISCUSSION

    **A. Standard of Review for a Motion for Disqualification Pursuant to 28 U.S.C. § 455(a)**

The issue of disqualification of federal judges falls under 28 U.S.C. § 455. Shell Oil Co. v. United States, 672 F.3d 1283, 1289 (Fed. Cir. 2012) ("[§] 455 governs the disqualification or recusal of federal judges."). Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose behind § 455(a) is "to promote public confidence in the integrity of the judicial

---

[2] In this connection, the court notes that plaintiff is mistaken that the record in the case is "under seal" or "subject to a protective order." Plaintiff's complaint was filed under seal solely in order to protect plaintiff's banking and other personal information, which was included in the complaint. Other filings in this matter—including the allegations of bias and a nationwide conspiracy—are not sealed and can be viewed by registered users of the court's electronic filing system.

2

process[.]" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858 n.7, 860 (1988). "In enacting [§] 455(a), Congress created an objective standard under which disqualification of a judge is required when a reasonable person, knowing all the facts, would question the judge's impartiality." Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1568 (Fed. Cir. 1989) (citing Liljeberg, 486 U.S. at 858 n.7); see also Baldwin Hardware Corp. v. FrankSu Enter. Corp., 78 F.3d 550, 557 (Fed. Cir. 1996).

In considering a motion for disqualification, the movant's "subjective beliefs about the judge's impartiality are irrelevant." Allphin v. United States, No. 2013-5117, 2014 WL 3377157, at *4 (Fed. Cir. July 11, 2014). Moreover, the fact that the judge has issued prior decisions dismissing a case filed by the movant or has issued rulings against the movant in the pending case is not, in and of itself, evidence of the favoritism or antagonism that would require recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partially motion unless they display a deep-seating favoritism or antagonism that would make fair judgment impossible.") (emphasis added). Indeed, the Court of Appeals for the Federal Circuit has described a party's burden in substantiating a recusal claim as "heavy." Baldwin Hardware Corp., 78 F.3d at 557. It is against this backdrop that the court turns to plaintiff's arguments.

### B. Parties' Arguments on the Motion for Disqualification

Plaintiff argues that the court appears biased and prejudicial and thus should be disqualified from this suit. Pl.'s Mot. at 4. Plaintiff further contends that a reasonable

person would conclude that the court's impartiality may be reasonably questioned. Id. at 8. Plaintiff asserts that the court's bias is evident from the court's (1) decision to seal her complaint, (2) practice of limiting access to the court's electronic filing system to licensed attorneys, (3) refusal to sanction the government under Rule 11 of the Rules of the United States Court of Federal Claims ("RCFC") for "cutting and pasting" text in its briefs that was initially used in other cases involving Ms. Allen, and (4) failure to grant plaintiff's request for discovery and for a temporary restraining order ("TRO").[3] See id. at 9-14. In response, the government contends that under the reasonable person standard, plaintiff has not stated an appropriate basis for disqualifying the presiding judge. Def.'s Resp. at 2.

### C. Plaintiff Has not Carried her Burden of Demonstrating Recusal Is Appropriate

Having considered plaintiff's contentions and the government's response, the court finds that recusal is not appropriate in this case. Plaintiff's allegations do not call into question the court's impartiality.

To begin, Ms. Allen's suggestion that the court wrongfully sealed the complaint in order to hide evidence of the government's conspiracy is unsupported. To the contrary, the complaint was placed under seal to protect Ms. Allen's personal banking information. See supra note 2. Similarly, the court's standard practice of limiting access to the electronic filing system to licensed attorneys is not evidence of any antagonism towards

---

[3] Plaintiff filed an application for a TRO "to enjoin [the government] from evicting the plaintiff from her home" in connection to her alleged taking claims. Pl.'s Appl. for TRO at 1.

Ms. Allen that might justify recusal. Limiting access to the court's electronic filing system to members of the bar is the standard practice in most courts.

The court's purported failure to sanction the government for "cutting and pasting" text in its briefs is also not grounds for recusal. As an initial matter, the court notes that plaintiff has not actually moved for sanctions. Assuming, however, that the plaintiff so moved and the court denied such a motion, such a denial would not, as a matter of law, constitute evidence of bias that justifies recusal. Baldwin Hardware Corp., 78 F.3d at 557. A court possesses broad discretion to issue sanctions, and it is not inappropriate to refuse to issue sanctions for copying and pasting arguments in multiple briefs. See Smeigh v. Johns Manville, Inc., 643 F.3d 554, 566 (7th Cir. 2011) (refusing to sanction appellant for cutting and pasting summary judgment argument into his appellate brief). Although the government, in case numbers 14-178 and 14-179, appears to have copied and pasted its discussion of the legal standards governing motions to dismiss under Rule 12(b)(1) and 12(b)(6), the court finds that issuing sanctions in this case would be inappropriate.

Plaintiff's claim of bias based on the court's purported delay in considering her motion for a TRO or in staying discovery also is insufficient as a matter of law to justify recusal. Baldwin Hardware Corp., 78 F.3d at 557. The court has allowed plaintiff to file all of her responses to the government's motion to dismiss for lack of jurisdiction. While plaintiff may disagree with the court's case management approach, this disagreement is not grounds for recusal. If the court determines that it has jurisdiction to hear plaintiff's case, the court will turn to Ms. Allen's requests for a TRO and to conduct discovery.

Prior to making such a determination, the court finds that ruling on the requested TRO and for discovery would be premature.[4]

## II. CONCLUSION

For the reasons stated above, plaintiff's motion for disqualification pursuant to 28 U.S.C. § 455(a) is **DENIED**.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[4] In this connection, plaintiff's suggestion that the court has "allowed the Defendant to join a Motion to Dismiss with one a Motion to Deny Plaintiff's Application to Proceed Informa [sic] Pauperis," Pl.'s Mot. at 14, is unsupported. The government's Motion to Dismiss, filed January 6, 2014, does not contest plaintiff's request to proceed in forma pauperis.