**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-642C
(Filed: July 15, 2014)
UNREPORTED

**FILED**

JUL 15 2014

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| BRIDGET ALLEN, | ) | |
| Plaintiff, | ) | |
| | ) | **Motion to dismiss for lack of subject** |
| v. | ) | **matter jurisdiction, RCFC 12(b)(1);** |
| | ) | **Motion to dismiss for failure to state** |
| THE UNITED STATES, | ) | **a claim, RCFC 12(b)(6)** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER DISMISSING CASE

On September 4, 2013, pro se plaintiff ("plaintiff" or "Ms. Allen") filed a

complaint in which she asserts that the United States has participated in a conspiracy to

seize her property without just compensation, in violation of the Fifth Amendment of the

United States Constitution.[1]  Plaintiff has subsequently filed multiple motions to amend,

supplement, and otherwise correct her complaint to add new allegations and legal

contentions.  See Docket Nos. 5 ("Notice of Errata" seeking, among other things, to add

to the complaint a request for an accounting), 17 (motion seeking leave to amend the

complaint to include certain allegations concerning the United States Department of

Veterans Affairs ("VA") and the Federal Deposit Insurance Corporation ("FDIC"), 21

---

[1]Ms. Allen applied for leave to proceed in forma pauperis on October 12, 2013.  Her application
is **GRANTED** for the purpose of filing the complaint.

(Notice of Errata alleging that the VA "Exercised Eminent Domain of the Plaintiff's Property" and renaming the description of an "exhibit" to her complaint).[2]  Although her pleadings are difficult to follow, she alleges that government and private entities have taken her property in connection with the foreclosure of her home.  In addition to the VA and the FDIC, Ms. Allen raises allegations against the Department of Housing and Urban Development ("HUD") and Government National Mortgage Association ("Ginnie Mae");[3] Washington Mutual Bank, F.A. ("Washington Mutual"); JPMorgan Chase Bank, N.A. ("Chase"), and a United States bankruptcy court.  Ms. Allen seeks payment by the United States of "approximately over and above $400,000."  Compl. at 15.

Pending before the court is the government's motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a

---

[2] The court hereby **GRANTS** Ms. Allen's requests to amend, supplement, or otherwise correct her complaint.

[3] Ginnie Mae was established as a corporation within HUD pursuant to 12 U.S.C. § 1723a.  Ginnie Mae:

> furnishes fiduciary services to itself and other departments and agencies of the Government, and guarantees privately issued securities backed by trusts or pools of mortgages or loans which are insured or guaranteed by the Federal Housing Administration (["FHA"]), the [VA] or the Rural Housing Service (["RHS"]) and certain other loans or mortgages guaranteed or insured by the Government.

24 C.F.R. § 300.3.  Among other things, Ginnie Mae serves "to guarantee the timely payment of principal of and interest on securities that are based on and backed by a trust or pool composed of mortgages which are insured or guaranteed by . . . VA." 24 C.F.R. § 320.1; see generally, Securities and Exchange Commission v. Radius Capital Corp., No. 2:11-CV-116-FTM-29DNF, 2012 WL 695668 (M.D. Fla. Mar. 1, 2012) (after "a mortgage-backed security is sold to investors, the homeowners' monthly payments of principal and interest are 'passed through' from the Issuer to the investors").

claim upon which relief can be granted. For the reasons that follow, the government's

motion is **GRANTED**.

## I.    BACKGROUND

In January 2003, plaintiff obtained a $113,189.00 home loan from Washington

Mutual which was apparently guaranteed by the VA.[4]  In 2008, Washington Mutual

entered receivership, and the FDIC was appointed as receiver. Compl. ¶¶ 28, 48. Under

the receivership, the FDIC entered into an agreement with Chase, through which

Washington Mutual's assets, including Ms. Allen's mortgage note, were transferred to

Chase. Id. ¶ 49. Ms. Allen also alleges that on December 20, 2013 the VA, acting

through Chase, foreclosed on Ms. Allen's property. Pl.'s Mot. to Am. & Supp. Compl. at

1, Dock. No. 17. Ms. Allen further alleges that following the foreclosure sale, the VA

became the owner of the property. Id. Plaintiff asserts that these actions constituted a

taking of her property, which "consists of various forms of collateral, such as the Deposit

Account, proceeds paid to Ginnie Mae Investors, real property and the Note." Compl. ¶

---

[4] The facts described herein are derived from plaintiff's complaint, amended complaint, from
exhibits and attachments in the bankruptcy litigation captioned In re Allen, No. 10-20094,
(Bankr. E.D. Va. Apr. 20, 2011), and are undisputed unless otherwise noted. The court notes
that reference to the bankruptcy proceedings are solely to provide background information
concerning the size and date of Ms. Allen's mortgage, and do not provide a basis for the court's
decision.

Plaintiff has twice moved for "Mandatory Judicial Notice" concerning the operation or
application of certain provisions of state or federal law. As plaintiff recognizes, "[t]he court may
judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known
within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources
whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because plaintiff
seeks judicial notice of legal conclusions or facts that do not satisfy the aforementioned standard,
plaintiff's motions are hereby **DENIED**.

69. Plaintiff also alleges that she has a cognizable property interest in regards to bankruptcy claims that were previously adjudicated.[5]

On January 6, 2014, the government filed a motion to dismiss the complaint pursuant to RCFC 12(b)(1) and 12(b)(6). As noted above, plaintiff has filed multiple motions to amend, supplement, and otherwise correct her complaint to add new allegations and legal contentions. The government has responded to all of Ms Allen's pleadings and Ms. Allen has filed responses.

## II.   DISCUSSION

### a. The government's motion to dismiss for lack of subject matter jurisdiction

#### i.   Standard of review

When considering whether to dismiss a complaint for lack of jurisdiction, the court generally assumes that the plaintiff's factual allegations are true. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). This rule does not apply in cases, such as the one at bar, in which the moving party challenges the facts necessary to establish the court's subject matter jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). Rather, once a defendant challenges the jurisdictional facts, the plaintiff has the obligation of demonstrating that the court has jurisdiction. See id. at 748 (dismissal is appropriate if plaintiff fails to establish jurisdiction after being given an opportunity to be heard). Moreover, the plaintiff "must do more than merely reiterate the facts in its well-pleaded complaint: plaintiff must respond to defendant's challenge and put forth affirmative evidence to establish jurisdiction." N. Hartland, L.L.C. v. United

---

[5] See In re Allen, No. 10-20094 (Bankr. E.D. Va. Apr. 20, 2011).

States, 78 Fed. Cl. 172, 179 (2007), aff'd, 309 F. App'x 389 (Fed. Cir. 2009).  Although

the court affords a pro se plaintiff leniency when interpreting her pleading, Erikson v.

Pardus, 551 U.S. 89, 94 (2007), that plaintiff must still demonstrate that her complaint

satisfies the court's jurisdictional requirements.  Bernard v. United States, 59 Fed. Cl.

497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting

jurisdictional requirements."), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

Under the Tucker Act, 28 U.S.C. § 1491, this court possesses jurisdiction to

"render judgment upon any claim against the United States founded either upon the

Constitution, or any Act of Congress or any regulation of an executive department, or

upon any express or implied contract with the United States, or for liquidated or

unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  In the

context of a takings claim, plaintiff must allege that (1) she possessed "a property interest

for purposes of the Fifth Amendment," Am. Pelagic Fishing Co. v. United States, 379

F.3d 1363, 1372 (Fed. Cir. 2004); and (2) that a "governmental action at issue amounted

to a compensable taking of that property interest," id.  Where a plaintiff fails to establish

that a taking was committed, the court will dismiss the complaint under RCFC 12(b)(1).

See Ameristar Fin. Servicing, Co. v. United States, 75 Fed. Cl. 807, 812 (2007).

### b. Plaintiff's claims against Chase, Washington Mutual, the FDIC, and the bankruptcy courts must be dismissed for lack of jurisdiction

The government contends that certain of plaintiff's claims are not against the

government of the United States or cannot give rise to a takings claim and thus the court

lacks jurisdiction to hear them.  Specifically, the government observes that Chase and

Washington Mutual are private entities, and that the FDIC, when acting in its capacity as

5

a receiver, does not constitute a government entity within the meaning of the Fifth Amendment. The government also argues that there is no set of facts that could allow the court to exercise jurisdiction to review the bankruptcy court's determination.

Plaintiff responds by asserting that the questions of whether (1) the FDIC was acting in its capacity as a receiver; (2) Washington Mutual acted as her lender; (3) Chase, rather than the government, foreclosed on her home; and (4) the bankruptcy court "confiscated" her property; constitute controverted facts that render dismissal under RCFC 12(b)(1) inappropriate. In essence, plaintiff seeks to delay dismissal to allow for discovery and resolution of the matter on summary judgment. For the reasons explained below, the court holds that it lacks jurisdiction to hear plaintiff's claims against Chase, Washington Mutual, the FDIC, or the bankruptcy courts.

To begin, the court agrees with the government that this court is without jurisdiction to consider plaintiff's claims against Chase or Washington Mutual. Chase and Washington Mutual represent private banking entities that are not part of the federal government and therefore cannot be liable for a taking. Moreover, whether Ms. Allen disputes these jurisdictional facts is irrelevant, because once jurisdiction is challenged, plaintiff bears the burden of establishing jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d at 747. Thus, plaintiff's claims against Chase and Washington Mutual must be dismissed.

The court similarly concludes that the FDIC was acting as a receiver and therefore the court lacks jurisdiction to consider plaintiff's claims against the FDIC. Although plaintiff—contrary to her initial pleadings—presently disputes the FDIC's status as a

receiver, the court is not obligated to accept as true plaintiff's allegations concerning

jurisdictional facts or conclusions of law. More importantly, the other allegations in the

complaint describe conduct that would clearly have been undertaken in the FDIC's

capacity as a receiver. The Supreme Court has explained that when acting as a receiver,

"the FDIC is not the United States . . . ." O'Melveny & Myers v. F.D.I.C., 512 U.S. 79,

85 (1994). Thus, as a receiver the FDIC acts as a non-governmental entity and cannot

commit a taking. Ameristar Fin. Servicing, Co., 75 Fed. Cl. at 812 (dismissing taking

claim against the FDIC for lack of jurisdiction). Accordingly, plaintiff's claims against

the FDIC must be dismissed.

Finally, the court agrees with the government that it lacks jurisdiction to review

the decision of the bankruptcy court for a possible taking. In order to entertain Ms.

Allen's bankruptcy-related takings claim, the court "would have to determine whether

[Ms. Allen] suffered a categorical taking of [her] property at the hands of the bankruptcy

trustees and courts . . . . Such a determination would require the court to scrutinize the

actions of the bankruptcy trustees and courts." Allustiarte v. United States, 256 F.3d

1349, 1351-52 (Fed. Cir. 2001). Under binding Federal Circuit precedent, this court is

not permitted to conduct such a review. Id. Accordingly, plaintiff's claims against the

bankruptcy court must be dismissed.

### c. The government's motion to dismiss for failure to state a claim

#### i. Standard of review

To defeat a motion to dismiss for failure to state a claim under RCFC 12(b)(6), a

plaintiff must allege facts "plausibly suggesting (not merely consistent with) a showing of

entitlement to relief." Kam-Almaz v. United States, 682 F.3d 1364, 1367 (Fed. Cir.

2012). Although the court assumes that all the allegations in the complaint—however

doubtful in fact—are true, those facts "must be enough to raise a right to relief above the

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007); Bank of

Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir. 2009). As previously noted, in

the context of a takings claim, plaintiff must allege that (1) she possessed a cognizable

property interest and (2) that a "governmental action at issue amounted to a compensable

taking of that property interest." Am. Pelagic Fishing Co., 379 F.3d at 1372. When no

such cognizable property interest is found, the takings analysis cannot continue, and the

complaint must be dismissed for failure to state a claim upon which relief can be granted.

See Meyers v. United States, 96 Fed. Cl. 34, 62 (2010).

### ii. Plaintiff has failed to state a claim for a taking with regard to HUD-Ginnie Mae and the VA

The government argues that plaintiff has failed to allege that a cognizable property

right has been taken from her, and therefore has failed to state a claim against HUD-

Ginnie Mae or the VA for a taking. In particular, the government contends that plaintiff

fails to allege facts that raise a non-speculative claim that she provided funds to

Washington Mutual (prior to receivership) that were not refunded to her when it entered

receivership, and that any claims based on such an account do not state a non-frivolous

taking allegation against the United States. In response, plaintiff argues that HUD-Ginnie

Mae committed a taking by securitizing plaintiff's promissory note and by allegedly

"funneling" Ms. Allen's loan payments to investors. Compl. ¶¶ 33-41. Plaintiff also

alleges that the VA took her property when the VA allegedly purchased her home at a foreclosure sale.[6]

With regard to HUD-Ginnie Mae, the court agrees with the government that the decision to securitize her mortgage did not give rise to a "taking." Ms. Allen did not have a property interest in any particular entity holding her mortgage. See Patrick v. Bank of NY Mellon, No. 11-CV-01304-REB-MJW, 2012 WL 934288, at *16 (D. Colo. Mar. 1, 2012), report and recommendation adopted, 11-CV-01304-REB-MJW, 2012 WL 934228 (D. Colo. Mar. 20, 2012), aff'd, 502 F. App'x 744 (10th Cir. 2012). Thus, Ms. Allen cannot state a claim with regard to HUD-Ginnie Mae's actions in connection with the decision to securitize her mortgage.

Ms. Allen's taking claims based on allegations of actions by the VA must also be dismissed for failure to state a claim. Ms. Allen alleges that the VA, as her loan guarantor, wrongfully authorized the foreclosure of her home and took ownership of the premises in violation of the Fifth Amendment. The Government correctly argues that these contentions do not state a taking claim because Ms. Allen does not dispute that she did not make her mortgage payments to the bank holding her mortgage (Chase),[7] and Chase, not the VA, foreclosed on the loan. In addition, Ms. Allen cannot state a taking claim against the VA for a taking after the foreclosure, when the VA allegedly purchased

---

[6] Plaintiff's complaint alleges numerous legal conclusions concerning the legal effect of certain transactions between Washington Mutual, Chase, the FDIC, and the VA. The court is not obligated to accept legal conclusions as true. See Kam-Almaz, 682 F.3d at 1368.

[7] Ms. Allen's mortgage note was transferred from Washington Mutual to Chase and Chase has been determined to be the rightful owner of the mortgage note. In re Allen, No. 10-20094-BFK, 2012 WL 3201837, at *4 (Bankr. E.D. Va. Aug. 2, 2012).

9

the property at the foreclosure sale, because Ms. Allen lost her property interest in the home following the foreclosure.  See Anderson v. United States, 85 Fed. Cl. 532, 544 (2009) (original mortgagor had no cognizable property interest after the VA purchased home at foreclosure sale).  Because Ms. Allen cannot state a taking claim if she does not have a property interest, her claims against the VA must be dismissed.

## III.   CONCLUSION

For the reasons explained above, the government's motion to dismiss the complaint pursuant to RCFC 12(b)(1) and RCFC 12(b)(6) is **GRANTED**.[8]  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Judge

---

[8] Having dismissed plaintiff's complaint in its entirety, there is no basis for the court to set a schedule for discovery or to require the government to file an answer to the complaint. Accordingly, plaintiff's previously stayed Motion for Clarification of Civil Procedure in the Court of Federal Claims, Docket No. 13, is **DENIED** as moot.  Plaintiff's motion for a Temporary Restraining Order is similarly **DENIED** as moot.